THE E. G. BLAKSLEE MANUFACTURING COMPANY, RESPONDENT, *v.* THE E. G. BLAKSLEE'S SONS IRON WORKS, APPELLANT.

*Grant of land under water — effect of a prior conveyance of the upland reserving all water rights, etc.*

In an action of ejectment to recover certain land under the waters of the Hudson river, at Sing Sing, the plaintiff claimed title under a grant from the State of New York, which grant was alleged by the defendant to be void on the ground that the plaintiff was not, at the time when the grant was made, the owner of the adjacent uplands.

It appeared that the original title was in one Quimby, who had sold the uplands adjacent to the *locus in quo* to Gregory & Mead, under whom the plaintiff claimed title, Quimby reserving to himself all water rights, etc., in front of the uplands, which rights so reserved the defendant claimed to have subsequently acquired.

*Held,* that the grant to Gregory & Mead made them riparian owners and carried all rights which Quimby, who had not up to that time obtained any grant of the land under water, owned, and that the subsequent grant from the State to the plaintiff, the grantee of Quimby & Mead, vested in it a valid title to the land under water.

APPEAL by the defendant, the E. G. Blakslee's Sons Iron Works, from a judgment in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 3d day of May, 1890.

The action was tried at the Westchester Circuit, before the court without a jury, and resulted in an adjudication that the plaintiff,

the E. G. Blakslee Manufacturing Company, at the time of the commencement of this action, was the owner in fee simple absolute and entitled to the immediate possession of the premises described in the judgment, and that said plaintiff recover the possession thereof, with the appurtenances, from the defendant, the E. G. Blakslee's Sons Iron Works, together with the costs and allowances of the action. The lands in question were situated in the village of Sing Sing, Westchester county, N. Y.

*Francis Larkin,* for the appellant.

*Alfred Taylor,* for the respondent.

PRATT, J.:

This is an action of ejectment for land at Sing Sing, under a grant from the State to plaintiff March 18, 1889. The *locus in quo* is land under water. Defendant is in possession of part of the premises covered by this grant. Ejectment is, nevertheless, the proper remedy, and, generally speaking, a grant from the State will support the action. The grant is presumptively regular and creates a presumption that the patentee was the owner of the adjacent upland.

Defendant alleges that this grant to plaintiff is void, on the ground that it was not the owner of the adjacent upland when it was made. Reuben Quimby was the common source of title of both parties, so far as the adjacent upland is concerned. Plaintiff's title to this upland is from Quimby to Gregory & Mead, May 15, 1853; to McCord, December 2, 1854; to Jones, February 27, 1856; to Jones, through a referee, February 6, 1860; to Sawyer, September 14, 1885; to Bunting, September 26, 1885; to plaintiff, February 6, 1886. Defendant's title is by mortgage to Curtis, September, 1854; to David Quimby, through foreclosure, May 1, 1863; to Larkin, July 1, 1863; to Larkin, November 1, 1873; to Blakslee, September 14, 1883, and thence to defendant.

It thus appears that Quimby's deed to Gregory & Mead (May 15, 1853), antedates this mortgage to Curtis, September, 1854. It is claimed, however, that while Quimby sold the upland adjacent to the *locus in quo* to Gregory & Mead, he reserved all water rights, etc., in front of that land; and that the rights thus reserved passed to David Quimby, and so on to defendant, under the mortgage and foreclosure.

The difficulty is that the Gregory & Mead grant made them riparian owners. It carried all that Quimby owned. He had then no grant of any land under water. He owned nothing in the water of the river. He was a mere riparian owner, and, as such, had no estate whatever in the land under the water. He had simply a right to apply to the State for and to obtain a grant as the owner of the upland. But when he sold the upland that right ceased. Gregory & Mead then became the owners of the upland, and, as such, they and their grantees were entitled to apply for the grant of land under water.

We fail to see how the State could grant that land under water to anybody except the grantees of Gregory & Mead. To say that the State could not grant it to them would be to say that it could never be granted by the State at all; and that simply because Quimby chose to write some words in his deed indicating that he claimed rights in the land *under water*, which he never owned at all.

It seems to have been claimed that the *locus in quo* was covered by an ancient grant from the State to Hunter in 1787, and hence that Quimby, a grantee thereunder, did own the land under water which he reserved from his conveyance to Gregory & Mead. But that was a question of fact on the evidence, and the finding is against defendant on this point. We do not find any specific request upon this point, and, in the absence thereof, we cannot say that any error of law was committed in this respect. Indeed, we think the evidence sustains the findings.

We have examined the other questions suggested on appellant's points, and fail to find error.

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.